Qiana Washington, Esq., SBN# 235028
WASHINGTON & ASSOCIATES
1470 Maria Lane, Suite 240
Walnut Creek, California 94596
Telephone: (925) 278-1791
Facsimile: (925) 287-6431
Email: qwashing@thebestonyourside.com

Attorney for Plaintiff JEARHAMEL FANARO

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| JEARHAMEL FANARO,<br><br>                          Plaintiff,<br><br>vs.<br><br>COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S OFFICE, DAVID O. LIVINGSTON, FRANCISCO RAMIREZ, THOMAS LEON, FRANCISCO VARGAS, ANTONIO ROSAS, OMAR DELEON, DOES 3-50 INCLUSIVE<br><br>                          Defendant. | Case No.: 3:19-cv-03247-WHO<br><br>FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS SUBSTITUTING DOES 1-2 FOR DEFENDANTS ROSAS AND DELEON<br><br>DEMAND FOR JURY TRIAL [1]<br><br>**Date: October 8, 2019**<br>**Time:**<br>**Department:**<br>**Judge:** Hon. William H. Orrick, Presiding<br><br>**Date Action Filed:** June 10, 2019<br>**Trial Date**: None Assigned |

## JURISDICTION AND VENUE

---

[1] Other amendments pending written court order

COMPLAINT
- 1 -

1.      This Court has the jurisdiction over the claims asserted herein pursuant to 28 U.S.C. §1331 (in that they arise under the United States Constitution); and 28 U.S.C. § 1343 (a)(3) (in that the actions is brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the United States Constitutions). This Court has supplemental jurisdiction of the state law claims under 28 U.S.C. § 1367.

2.      Venue is proper in the United State District Court for the Northern District of California pursuant to 28 U.S.C. §1391(b) because the Defendants are located in the Northern District of California and because many of the acts and/or omissions described herein occurred in the Northern District of California.

## INTRAJURISDICTIONAL ASSIGNMENT

3.      Interjurisdictional district venue is proper in the San Francisco Division of the Northern District of California pursuant to Civil L.R. 3-2(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of Contra Costa, California.

4.      Plaintiff JEARHAMEL FANARO filed a government claim with the COUNTY OF CONTRA COSTA regarding the claims asserted herein, on May 15, 2018. The claim was stamped received and rejected by operation of law on November 14, 2018. *See* CAL. GOV. CODE § 912.4(c). Defendant COUNTY OF CONTRA COSTA mailed the rejection notice, which was post-marked for December 21, 2018, five weeks later.

5.      Except as provided in Civil L.R. 3-2(c), all civil actions which arise in the counties of Alameda, Contra Costa, Marin, Napa, San Francisco, San Mateo, or Sonoma shall be assigned to the San Francisco Division or the Oakland Division.

## PARTIES

6.      Plaintiff JEARHAMEL FANARO, a Filipino-American, is a resident of the State of California, County of Contra Costa, and was a convicted inmate at Martinez Detention Facility between approximately May 8, 2018 and August 17, 2018.

7.      Defendant COUNTY OF CONTRA COSTA is a "public entity" within the definition of CAL. GOV. CODE §811.2

8.      Defendant DAVID O. LIVINGSTON is the Sheriff, at all material times herein was the Sheriff, of defendants COUNTY OF CONTRA COSTA and CONTRA COSTA COUNTY SHERIFF'S OFFICE, acting within the scope of that agency or employment and under color of state law. Defendant DAVID O. LIVINGSTON is sued in his individual and official capacity.

9.      Defendant OMAR DELEON was, and at all material times herein, a law enforcement officer employed by Defendants COUNTY OF CONTRA COSTA and CONTRA COSTA COUNTY SHERIFF'S OFFICE, acting within the scope of that agency or employment and under color of state law. Defendant OMAR DELEON is sued in his individual and official capacity.

10.     Defendant ANTONIO ROSAS was, and at all material times herein, a law enforcement officer employed by Defendants COUNTY OF CONTRA COSTA and CONTRA COSTA COUNTY SHERIFF'S OFFICE, acting within the scope of that agency or employment and under color of state law. Defendant ANTONIO ROSAS is sued in his individual and official capacity.

11.     Defendant DOE 3 was, and at all material times herein, a law enforcement officer employed by Defendants COUNTY OF CONTRA COSTA and CONTRA COSTA COUNTY SHERIFF'S OFFICE, acting within the scope of that agency or employment and under color of state law. Defendant DOE 3 is sued in his individual and official capacity.

12.     Defendant DOE 4 was, and at all material times herein, a law enforcement officer employed by Defendants COUNTY OF CONTRA COSTA and CONTRA COSTA COUNTY SHERIFF'S OFFICE, acting within the scope of that agency or employment and under color of state law. Defendant DOE 4 is sued in his individual and official capacity.

13.     Defendant FRANCISCO RAMIREZ is an inmate at Contra Costa County Jail, Martinez Detention Facility, and was a participating actor in the battery.

14.     Defendant THOMAS LEON was an inmate at Contra Costa County Jail, Martinez Detention Facility and was participating actor in the battery.

15.     Defendant FRANCISCO VARGAS was an inmate at Contra Costa County Jail, Martinez Detention Facility and was participating actor in the battery.

16.     Defendant DOE 5 is an inmate at Contra Costa County Jail, Martinez Detention Facility and was participating actor in the battery.

17.     Defendant DOE 6 is an inmate at Contra Costa County Jail, Martinez Detention Facility and was participating actor in the battery.

18.     Plaintiff JEARHAMEL FANARO is ignorant of the true names or capacities of the defendants sued here under the fictitious names DOES 7-50, inclusive. Plaintiff is informed and believes that each of the DOE defendants was responsible in some manner for the occurrences and injuries alleged in this complaint.

## GENERAL ALLEGATIONS

19.     At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

20.     All allegations made herein are based on information and belief.

21.     Plaintiff JEARHAMEL FANARO was in the custody of Defendants COUNTY OF CONTRA COSTA and CONTRA COSTA COUNTY SHERIFF'S OFFICE from May 8, 2018 to approximately August 17, 2018.

22.     Defendant CONTRA COSTA COUNTY SHERIFF'S OFFICE operates and staffs three detention facilities located in the geographical area encompassed in Defendant COUNTY OF CONTRA COSTA. Martinez Detention Facility is the maximum-security facility and primary point of intake for all arrestees booked in Contra Costa County.  The Martinez Detention Facility receives its oversite and funding from Defendant COUNTY OF CONTRA COSTA.

23.     Defendant CONTRA COSTA COUNTY SHERIFF'S OFFICE divides the Martinez Detention Facility into Modules. The Classification Unit of Defendant CONTRA COSTA COUNTY SHERIFF'S OFFICE determines the appropriate housing assignments using interviews and historical records. The inmates are asked questions about race, residence, gang affiliation and association during the classification interview. This is documented in each inmate's file. Disciplinary records and reports are kept for defendant CONTRA COSTA COUNTY SHERIFF'S OFFICE to review in the classification process.

24.     During Plaintiff JEARHAMEL FANARO's incarceration at Contra Costa County Jail, Martinez Detention Facility, he was housed in A Module, also known as the gang unit.

25.     The inmates housed in A Module consists of the general population and of Norteño criminal street gang affiliates/associates/members. The Norteño criminal street gang is a violent criminal organization whose primary activities include murder, attempted murder, and violent assaults.  The majority of its members are of Latin-American descent.

26.     Defendant CONTRA COSTA COUNTY SHERIFF'S OFFICE receives extensive and exhaustive information about the Norteño criminal street gang by observing inmate members, associates and affiliates, classification interviews, monitoring telephone calls, reviewing police and jail incident reports, searching jail cells, reading inmate mail, and "debriefing" interviews.

27.     Defendant CONTRA COSTA COUNTY SHERIFF'S OFFICE requires all inmates desiring to withdraw from the gang to submit to debriefing interviews. During debriefing interviews, Defendant CONTRA COSTA COUNTY SHERIFF'S OFFICE requires the inmates to tell them all the information they know about the gang. Only inmates that debrief are allowed to withdraw from the gang and thus be reclassified to another module.

28.     Defendant CONTRA COSTA COUNTY SHERIFF'S OFFICE has a training unit that instructs its employee deputies working in the jails and outside police agencies on Norteño criminal street gang activity. Contra Costa County Sheriff Deputies teach the trainings. Topics included in the trainings are the classification process, gang behavior in the Martinez Detention Facility, recognition of gang tattoos, recognition of gang clothing, and recognition of numbers, signs, and symbols associated with gangs. All trainings are specific to each gang (e.g. the Norteño criminal street gang).

29.     Defendant CONTRA COSTA COUNTY SHERIFF'S OFFICE supports the power structure within the gang by housing the Authority in Charge (AOC), "shot callers" of the Norteño criminal street gang, in a designated cell. Having the Authority in Charge housed in the same cell allows gang activity to flourish inside the Martinez Detention Facility.

30.     Defendant CONTRA COSTA COUNTY SHERIFF'S OFFICE also supports the power structure within the gang by turning each inmate assigned to A Module over to two Norteños members who act as "ambassadors."  These "ambassador" Norteño inmates greet and

escort each new inmate throughout A Module and are allowed to orient the inmate to the gang's policies and procedures within the Module.  Defendant CONTRA COSTA COUNTY SHERIFF'S OFFICE  sanctions a hazing procedure they call a "freeze."  During the "freeze" new inmates are deprived of privileges normally afforded to all inmates such as "commissary shoes" and television viewing time. The new inmate is brought in with jail issued sandals and later provided with "commissary issued" shoes by the Norteño criminal street gang affiliates/associates/members. The new inmate could be without commissary shoes for weeks. When the inmate is given shoes and permitted to watch television, this normally means the gang has accepted them.

31.     Defendant CONTRA COSTA COUNTY SHERIFF'S OFFICE and Defendants OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4 colluded with the Norteño criminal street gang by allowing formal Norteño criminal street gang activity to occur within the Martinez Detention Facility. This occurred when the aforementioned defendants knowingly allowed the freeze to take place,  handed newly housed inmates over to Norteño criminal street gang member inmate "ambassadors," informed Norteño criminal street gang member inmates of gaps in security, allowed them to possess contraband, permitted them to handle conflicts violently amongst themselves and without police intervention and, covered up gang activity.

32.     Employees of Defendant CONTRA COSTA COUNTY SHERIFF'S OFFICE previously complained to Defendants CONTRA COSTA COUNTY SHERIFF'S OFFICE and DAVID O. LIVINGSTON about insufficient staffing in A Module. The sheriff deputy to inmate ratio in Martinez Detention Facility is two (2) deputies to twenty-five (25) inmates when a portion of inmates are out of their cells during "free time." Employees of Defendant CONTRA COSTA COUNTY SHERIFF'S OFFICE also complained that the A module courtyard's camera does not rotate and has large blind spots. The combination of a lack of sufficient staffing

and the blind spots in the cameras resulted in safety issues for Plaintiff JEARHAMEL FANARO and other inmates and proximately caused physical attacks.

33.    On May 8, 2018, Defendants CONTRA COSTA COUNTY SHERIFF'S OFFICE, DAVID O. LIVINGSTON, OMAR DELEON, ANTONIO ROSAS, and DOES 3 to 4 knowingly handed over Plaintiff JEARHAMEL FANARO to two Norteño ranking members with the intention of subjecting him to a "freeze."

34.    Inmate cells are equipped with call buttons. These call buttons are used to gain the attention of the sheriff deputies working in the modules. These buttons are generally pressed when there is a medical emergency or when the inmate wants to "debrief." When the call button is pushed there is an alert system at the deputy's desk. This notifies the deputies that a button in a cell has been pushed.

35.    Defendants CONTRA COSTA COUNTY SHERIFFS OFFICE, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4 abdicate security responsibilities to the Norteño criminal street gang by having inmate gang members respond to the cells when call buttons are pushed. This is in violation of their fiduciary duty that is owed to all inmates in Martinez Detention Facility, including Plaintiff JEARHAMEL FANARO.

36.    Plaintiff JEARHAMEL FANARO pressed the call button in his cell to gain the Defendants DOES 3 to 4's attention.  Plaintiff JEARHAMEL FANARO's intention was to inform Defendants CONTRA COSTA COUNTY SHERIFF'S OFFICE and DOES 3 to 4 of his desire to withdraw from the Norteño criminal street gang.

37.    Instead of Defendants DOES 3 to 4 responding to the call button, they permitted Norteño criminal street gang member inmates to enter Plaintiff JEARHAMEL FANARO's cell.

38.    The Norteño criminal street gang member inmates entered Plaintiff JEARHAMEL FANARO'S cell and shut off the call button. They then questioned Plaintiff

JEARHAMEL FANARO regarding the reason he pressed the call button in his cell. To avoid a dangerous confrontation, Plaintiff JEARHAMEL FANARO claimed he was ill.

39.     Defendants DOES 3 to 4 never entered Plaintiff JEARHAMEL FANARO's cell nor followed up with him to determine the reason Plaintiff JEARHAMEL FANARO pressed the call button.

40.     The Norteño criminal street gang member inmates then forced Plaintiff JEARHAMEL FANARO to be "escorted" by one of the gang affiliates/associates/members at all times so that he never had the chance to explicitly inform Defendant CONTRA COSTA COUNTY SHERIFF'S OFFICE his intention to withdraw.

41.     Based on the Norteño criminal street gang member inmate's behavior, however, the Defendants DOES 3 to 4 knew from their trainings with Defendant CONTRA COSTA COUNTY SHERIFF'S OFFICE and their professional experience, the Norteño criminal street gang member inmates were planning to attack Plaintiff JEARHAMEL FANARO. Defendants DOES 3 to 4 should have taken action to protect Plaintiff JEARHAMEL FANARO, based on their knowledge and observations that an attack was imminent, but failed to do so.

42.     Defendants OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4 did nothing to protect Plaintiff JEARHAMEL FANARO because he is not afforded the same level of protection as the Latino inmates in A Module. Plaintiff JEARHAMEL FANARO is a Filipino-American who was housed in a primarily Latin-American module of Martinez Detention Facility.

43.     On May 15, 2018, Defendant THOMAS LEON handed Plaintiff JEARHAMEL FANARO a pair of shoes falsely signaling the end of the "freeze." Defendant THOMAS LEON then told Plaintiff JEARHAMEL FANARO another inmate wanted to speak to him in the A Module courtyard.

44.     The Norteño criminal street gang member inmates chose to lure Plaintiff JEARHAMEL FANARO to the A Module courtyard because Defendants OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4 informed the inmates that the camera outside was a fixed static view with large blind spots.

45.     Another reason the Norteño criminal street gang member inmates chose to lure Plaintiff JEARHAMEL FANARO to the A Module Courtyard is, the sheriff deputies had not been completing their security patrol "rounds" on the roof top area. Defendant CONTRA COSTA COUNTY SHERIFF'S OFFICE has a policy to patrol the roof top area to monitor inmate activity in the outdoor courtyards.

46.     In the A Module courtyard Defendants FRANCISCO RAMIREZ, THOMAS LEON, and FRANCISCO VARGAS attacked Plaintiff JEARHAMEL FANARO. Plaintiff JEARHAMEL FANARO attempted to leave the courtyard, but due to his injuries, was temporarily blinded and fell to the ground.

47 .     When Plaintiff JEARHAMEL FANARO stood up and attempted to walk inside, Defendants FRANCISCO RAMIREZ, THOMAS LEON, and FRANCISCO VARGAS attacked him again. During this second attack, Plaintiff JEARHAMEL FANARO attempted to defend himself, so Defendants DOES 5 to 6 joined the attack. One placed Plaintiff JEARHAMEL FANARO in a "chokehold" and the four others continued to beat JEARHAMEL FANARO. When the attack was over Plaintiff JEARHAMEL FANARO was told to "rollover," in which he interpreted they were going to kill him. However, Defendants FRANCISCO RAMIREZ, THOMAS LEON, FRANCISCO VARGAS and DOES 5 to 6 had returned inside A Module.

48.     The attack on Plaintiff JEARHAMEL FANARO lasted fifteen (15) to twenty-five (25) minutes and left a ten (10) feet long by six (6) feet wide blood stain on the ground. This time frame was over the course of two separate "free time" periods. Even though

Defendants FRANCISCO RAMIREZ, THOMAS LEON, and FRANCISCO VARGAS and DOES 4 to 5  were supposed to return to their cells when their "free time" ended, Defendants OMAR DELEON and ANTONIO ROSAS allowed them to stay in the courtyard and continue attacking Plaintiff JEARHAMEL FANARO.

49.     The attack occurred in the A Module courtyard camera blind spot. Defendants CONTRA COSTA COUNTY SHERIFF'S OFFICE and OMAR DELEON and ANTONIO ROSAS did not intervene during the fifteen (15) to twenty-five (25) minute attack on Plaintiff JEARHAMEL FANARO.

50.     Further, there is a central camera monitoring system at the Martinez Detention Facility and due to the blind spots in the courtyard, no one in the control center could see the attack taking place and thus were unable to send additional sheriff's deputies to intervene.  Had the control center seen the attack and sent additional deputies to intervene, Plaintiff JEARHAMEL FANARO would not have been as seriously injured as he was.  Defendants FRANCISCO RAMIREZ, THOMAS LEON, FRANCISCO VARGAS, and DOES 4 to 5 exploited the information they received from Defendants OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4  about this security gap to execute the attack on Plaintiff JEARHAMEL FANARO without the intervention of other sheriff's deputies.

51.     Defendants OMAR DELEON and ANTONIO ROSAS knew the attack was occurring and had an explicit or tacit agreement with Norteño criminal street gang members Defendants FRANCISCO RAMIREZ, THOMAS LEON, and FRANCISCO VARGAS and DOES 4 to 5 to allow the attack to occur, uninterrupted.

52.     Norteño criminal street gang member inmates signaled Defendants OMAR DELEON and ANTONIO ROSAS by their words, by making eye contact with them, and by openly guarding Plaintiff JEARHAMEL FANARO.  Further, Defendants OMAR DELEON and

ANTONIO ROSAS saw the other inmate's watching the attack in A Module courtyard and Defendants OMAR DELEON and ANTONIO ROSAS had a partial view of the courtyard from the deputies' desk.  Finally, OMAR DELEON and ANTONIO ROSAS heard the attack and Plaintiff JEARHAMEL FANARO's screams, cries, and grunts. Defendants OMAR DELEON and ANTONIO ROSAS did nothing to stop the attack.  Defendants OMAR DELEON and ANTONIO ROSAS were complicit in the attack by acting as a "look-out" and keeping Defendants FRANCISCO RAMIREZ, THOMAS LEON, FRANCISCO VARGAS, and DOES 4 to 5 from being caught in the act of committing the attack.

53.    Plaintiff JEARHAMEL FANARO stumbled inside to the deputies' desk after Defendants FRANCISCO RAMIREZ, THOMAS LEON, FRANCISCO VARGAS, and DOES 4 to 5 reentered A Module. Defendants OMAR DELEON and ANTONIO ROSAS did not aide Plaintiff JEARHAMEL FANARO until he asked for help.  Further, Defendants OMAR DELEON and ANTONIO ROSAS did not discipline Defendants FRANCISCO RAMIREZ, THOMAS LEON, FRANCISCO VARGAS, and DOES 4 to 5 for being out of their cells. Defendants FRANCISCO RAMIREZ, THOMAS LEON, FRANCISCO VARGAS, and DOES 4 to 5 should have been disciplined because they violated the jail rules for being out of their cells when their "free time" had ended.

54.    After Plaintiff JEARHAMEL FANARO asked for help, Defendant CONTRA COSTA SHERIFF'S OFFICE called an ambulance and Plaintiff JEARHAMEL FANARO was transported to John Muir Medical Center.

55.    At John Muir Medical Center it was determined that as a result of the attack, Plaintiff JEARHAMEL FANARO suffered from multiple broken bones as well as other injuries.

**MUNICIPAL AND SUPERVISORY ALLEGATIONS**

56.     All allegations made herein are based on information and belief.

57.     Defendant DAVID O. LIVINGSTON, acting as Sheriff, is the final policy-making authority for Defendants COUNTY OF CONTRA COSTA and CONTRA COSTA COUNTY SHERIFF'S OFFICE as it relates to the training, supervision, and discipline of sheriff's deputies employed at Contra Costa County Jail, Martinez Detention Facility, and acting under his command. *See* CAL. CONST. ART. XI § 1(b).

58.     As final policy maker, Defendant DAVID O. LIVINGSTON created safety and security policies for the Martinez Detention Facility. These policies include how the deputies are assigned to modules, how the deputies are to handle violent incidents between , what type of cameras are to be used in the jail, where the cameras are to be placed, how many deputies per inmate, inmate privileges, and rules regarding discipline for rule violations.

59. Defendants COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S OFFICE, and DAVID O. LIVINGSTON knew that the subordinate employees under their command, including Defendants OMAR DELEON, ANTONTIO ROSAS and DOES 3 to 4, were inadequately trained, supervised, or disciplined resulting from their inadequate policies, customs, or practices concerning unreasonable negligence and lack of protection of the inmates, including Plaintiff JEARHAMEL FANARO.

60.     Defendants COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S OFFICE, and DAVID O. LIVINGSTON maintained policies, customs, or practices deliberately indifferent to or acquiescing to, or failed to maintain polices, customs, or practices when it was obvious they were needed to prevent the negligence and lack of protection of the inmates at the Martinez Detention Facility. The presence of these policies, customs, or practices is confirmed by and consistent with the negligence and lack of protection of JEARHAMEL FANARO by Defendants OMAR DELEON and ANTONIO ROSAS.

61.     Defendant DAVID O. LIVINGSTON knew there are/has been a group of sheriff deputies employed by Defendants COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S OFFICE, and DAVID O. LIVINGSTON working at Martinez Detention Facility that conspired with the inmates to permit them to "control" A Module which put Plaintiff JEARHAMEL FANARO as well as other inmates in harm's way. With this knowledge, Defendant DAVID O. LIVINGSTON allowed the deputies to continue working and did not relieve them of their fiduciary posts.

62.     Multiple Sheriff Deputies have made complaints to Defendants CONTRA COSTA COUNTY SHERIFF'S OFFICE, and DAVID O. LIVINGSTON, regarding the limited camera views in A Module Courtyard and a lack of staffing. The Defendants CONTRA COSTA COUNTY SHERIFF'S OFFICE, and DAVID O. LIVINGSTON did nothing to fix either of these problems which could have been done by securing a budget necessary for adequate staffing and equipment. Failure to fix the problems resulted in the inmates exploiting the gaps in security which put Sheriff Deputies working at the Martinez Detention Facility, and the inmates, including Plaintiff JEARHAMEL FANARO, at a serious risk of harm.

63.     Additional evidence and information related to Defendants COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S OFFICE, and DAVID O. LIVINGSTON's policies, customs, or practices will be sought and obtained during the course of this litigation. These documents have previously been requested on four separate occasions through the California Public Records Act, but Defendants COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S OFFICE, and DAVID O. LIVINGSTON denied the requests.

64.     Defendants DAVID O. LIVINGSTON, COUNTY OF CONTRA COSTA, and CONTRA COSTA COUNTY SHERIFF'S OFFICE know there is an epidemic of violent

attacks, yet the deputies have not been disciplined for failure to enforce inmate rules and there has not been any attempt to resolve this.

65.     Defendants DAVID O. LIVINGSTON, COUNTY OF CONTRA COSTA, and CONTRA COSTA COUNTY SHERIFF'S OFFICE knew of violent gang behavior in Martinez Detention Facility, yet they created a policy of housing gang members in a manner that put inmates at risk of physical attack, whether those inmates were gang members in lower standing, gang dropouts, or general population.

66.     Defendant DAVID O. LIVINGSTON knew everything alleged in this complaint from reports and briefings he received in person, over email, and/or oral reports.

67.     Although access to the existence or absence of internal policies customs, or practices, prior to discovery, is necessarily limited, on information and belief, Defendants COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S OFFICE, and DAVID O. LIVINGSTON have access and/or knowledge of past events and of statements of internal policies, customs or practices at issue and, in some respects, may be in sole possession of evidence and facts needed to support or refute these claims.

## EQUITABLE ALLEGATIONS

68.     On information and belief, unless enjoined from federal and state constitutional provisions safeguarding the conditions of inmates' safety and well-being at the Contra Costa County Jail, Defendants COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S OFFICE, DAVID O. LIVINGSTON, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4, disregard of those constitutional provisions will continue, and more inmates will likely be damaged just as Plaintiff JEARHAMEL FANARO was damaged.

## FIRST CLAIM

### Special Relationship

**(Fourteenth Amendment to the U.S. Constitution; 42 U.S.C. § 1983)**

69.     The First Claim is asserted by Plaintiff JEARHAMEL FANARO, on behalf of himself, against Defendants COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S OFFICE, DAVID O. LIVINGSTON, OMAR DELEON, ANTONIO ROSAS and DOES 3 and 4.

70.     Plaintiff JEARHAMEL FANARO re-alleges and incorporates the allegations of the preceding paragraphs 1 to 68, to the extent relevant, as if fully set forth in this claim.

71.     Defendants COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S OFFICE, DAVID O. LIVINGSTON, OMAR DELEON, ANTONIO ROSAS, and DOES 3 to 4, acting under color of state law and as policy-making authorities, and while maintaining a custodial relationship over Plaintiff JEARHAMEL FANARO, failed to adequately provide for his safety and well-being by maintaining polices, customs, or practices when it was obvious that they were needed to prevent the severe attack, and were the moving force behind Defendant DAVID O. LIVINGSTON, OMAR DELEON, ANTONIO ROSAS and, DOES 3 to 4's violations of Plaintiff JEARHAMEL FANARO's rights secured by the Fourteenth Amendment of the United States Constitution.

72.     Defendants DAVID O. LIVINGSTON, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiff JEARHAMEL FANARO's rights secured by the Fourteenth Amendment of the U.S. Constitution, or were wantonly or oppressively done.

73.     As a direct and proximate result of Defendants COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S OFFICE, DAVID O. LIVINGSTON, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4 action and inactions, Plaintiff JEARHAMEL FANARO suffered injuries entitling him to receive compensatory damages

against Defendants COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S OFFICE, DAVID O. LIVINGSTON, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4, declaratory and injunctive relief against Defendants COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S OFFICE, DAVID O. LIVINGSTON, OMAR DELEON, ANTONIO ROSAS, and DOES 3 to 4, and punitive damages against Defendants COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S OFFICE, DAVID O. LIVINGSTON, OMAR DELEON, ANTONIO ROSAS, and DOES 3 to 4.

WHEREFORE, Plaintiff JEARHAMEL FANARO prays for relief as hereunder appears

## SECOND CLAIM

### Unlawful Official Policy, Practice, or Custom

### (Eighth Amendment to the U.S. Constitution; 42 U.S.C. § 1983)

74.     The Second Claim is asserted by Plaintiff JEARHAMEL FANARO against Defendants COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S OFFICE, DAVID O. LIVINGSTON, OMAR DELEON, ANTONIO ROSAS, and DOES 3 to 4.

75.     Plaintiff JEARHAMEL FANARO re-alleges and incorporates the allegations of the preceding paragraphs 1 to 68, to the extent relevant as if fully set forth in this Claim.

76.     Defendants COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S OFFICE, DAVID O. LIVINGSTON, OMAR DELEON, ANTONIO ROSAS, and DOES 3 to 4 acting or purporting to act in the performance of their official duties under color of state law deprived Plaintiff JEARHAMEL FANARO of his Eighth Amendment Rights of the United States Constitution, the right to be free from cruel and unusual punishment.

77.     Defendants COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S OFFICE, DAVID O. LIVINGSTON, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4, acted pursuant to an expressly adopted official policy or a widespread or

longstanding custom and as a result, the Defendants COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S OFFICE, DAVID O. LIVINGSTON, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4 deprived Plaintiff JEARHAMEL FANARO's rights which ultimately caused Plaintiff JEARHAMEL FANARO's injuries.

78.     As a direct and proximate result of Defendants COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S OFFICE, DAVID O. LIVINGSTON, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4 action and inactions, Plaintiff JEARHAMEL FANARO suffered injuries entitling him to receive compensatory damages against Defendants COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S OFFICE, DAVID O. LIVINGSTON, OMAR DELEON, ANTONIO ROSAS, and DOES 3 to 4, declaratory and injunctive relief against Defendants COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S OFFICE, DAVID O. LIVINGSTON, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4, and punitive damages against Defendants COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S OFFICE, DAVID O. LIVINGSTON, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4.

WHEREFORE, Plaintiff JEARHAMEL FANARO prays for relief as hereunder appears.

### THIRD CLAIM

**Act of Final Policy Maker**

**(Eighth Amendment to the U.S. Constitution; 42 U.S.C. § 1983)**

79.     The Third Claim is asserted by Plaintiff JEARHAMEL FANARO, on behalf of himself, against Defendants, DAVID O. LIVINGSTON and CONTRA COSTA COUNTY SHERIFF'S OFFICE.

80.     Plaintiff JEARHAMEL FANARO re-alleges and incorporates the allegations of the preceding paragraphs 1 to 68, to the extent relevant, as if fully set forth in this claim.

81.     DAVID O. LIVINGSTON and CONTRA COSTA COUNTY SHERIFF'S OFFICE acted under the color of state law which deprived Plaintiff JEARHAMEL FANARO of his particular rights under the United States Constitution.

82.     DAVID O. LIVINGSTON and CONTRA COSTA COUNTY SHERIFF'S OFFICE had final policymaking authority and acted as the final policymaker for Defendant COUNTY OF CONTRA COSTA and Defendant DAVID O. LIVINGSTON acts were so closely related to Plaintiff JEARHAMEL FANARO's deprivation of rights which was the ultimate cause of his injuries.

83.     As a direct and proximate result of Defendants, CONTRA COSTA COUNTY SHERIFF'S OFFICE and DAVID O. LIVINGSTON's actions and inactions, Plaintiff JEARHAMEL FANARO suffered injuries entitling him to receive compensatory damages against Defendants CONTRA COSTA COUNTY SHERIFF'S OFFICE and DAVID O. LIVINGSTON, declaratory and injunctive relief against Defendants CONTRA COSTA COUNTY SHERIFF'S OFFICE, and DAVID O. LIVINGSTON and punitive damages against Defendants CONTRA COSTA COUNTY SHERIFF'S OFFICE and DAVID O. LIVINGSTON.

WHEREFORE, Plaintiff JEARHAMEL FANARO prays for relief as hereunder appears.

## FOURTH CLAIM

### Policy that fails to train

### (Eighth Amendment to the U.S. Constitution; 42 U.S.C. § 1983)

84.     The Fourth Claim is asserted by Plaintiff JEARHAMEL FANARO, on behalf of himself, against Defendants, DAVID O. LIVINGSTON, CONTRA COSTA COUNTY SHERIFF'S OFFICE, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4.

85.     Plaintiff JEARHAMEL FANARO re-alleges and incorporates the allegations of the preceding paragraphs 1 to 68, to the extent relevant, as if fully set forth in this claim.

86.     The failure to act of Defendants OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4 deprived Plaintiff JEARHAMEL FANARO of his United States Constitutional rights.

87.     Defendants OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4 were acting under the color of state law when they were not adequately trained by Defendants DAVID O. LIVINGSTON, CONTRA COSTA COUNTY SHERIFF'S OFFICE to handle usual and reoccurring situations, like fights between inmates.

88.     Defendants DAVID O. LIVINGSTON, CONTRA COSTA COUNTY SHERIFF'S OFFICE were deliberately indifferent to the obvious consequences of its failure to train its Sheriff Deputies adequately. This failure to train caused a deprivation of JEARHAMEL FANARO'S rights and was the ultimate cause of JEARHAMEL FANARO'S injuries.

89.     As a direct and proximate result of Defendants CONTRA COSTA COUNTY SHERIFF'S OFFICE, DAVID O. LIVINGSTON, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4's actions and inactions, Plaintiff JEARHAMEL FANARO suffered injuries entitling him to receive compensatory damages against Defendants CONTRA COSTA COUNTY SHERIFF'S OFFICE, DAVID O. LIVINGSTON, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4, declaratory and injunctive relief against Defendants CONTRA COSTA COUNTY SHERIFF'S OFFICE, DAVID O. LIVINGSTON, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4, and punitive damages against Defendants CONTRA COSTA COUNTY SHERIFF'S OFFICE, DAVID O. LIVINGSTON, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4.

WHEREFORE, Plaintiff JEARHAMEL FANARO prays for relief as hereunder appears.

# FIFTH CLAIM

## State-Created Danger

### (Fourteenth Amendment to the U.S. Constitution; 42 U.S.C. § 1983)

90.     The Fifth Claim is asserted by Plaintiff JEARHAMEL FANARO, on behalf of himself, against Defendants COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S OFFICE, and DAVID O. LIVINGSTON.

91.     Plaintiff JEARHAMEL FANARO re-alleges and incorporates the allegations of the preceding paragraphs 1 to 68, to the extent relevant, as if fully set forth in this claim.

92.     Defendants COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S OFFICE, and DAVID O. LIVINGSTON, acting under the color of law and as policy-making authorities, affirmatively placed Plaintiff JEARHAMEL FANARO in a position of danger by maintaining policies, customs, or practices permitting deliberate indifference to, or failed to maintain policies customs, or practices when it was obvious that they were needed, to prevent the brutal attack Plaintiff JEARHAMEL FANARO endured at the hands of other inmates without any interference, and were the moving force behind Defendants OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4's violations of Plaintiff JEARHAMEL FANARO's rights secured by Art. I, §7 of the California Constitution.

93.     Defendants COUNTY OF CONTRA COSTA and CONTRA COSTA COUNTY SHERIFF'S OFFICE are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment.

94.     Defendant DAVID O. LIVINGSTON's actions and inactions constituted oppression and/or malice resulting in great harm to Plaintiff JEARHAMEL FANARO.

95.     As a direct and proximate result of Defendants COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S OFFICE, and DAVID O. LIVINGSTON action and inactions, Plaintiff JEARHAMEL FANARO suffered injuries entitling him to receive compensatory damages against Defendants COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S OFFICE, DAVID O. LIVINGSTON and OMAR DELEON, ANTONIO ROSAS, declaratory and injunctive relief against Defendants COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S OFFICE, DAVID O. LIVINGSTON, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4, and punitive damages against Defendants COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S OFFICE, DAVID O. LIVINGSTON, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4.

WHEREFORE, Plaintiff JEARHAMEL FANARO prays for relief as hereunder appears.

## SIXTH CLAIM

### Special Relationship

### (Article I, § 7 to the California Constitution; CAL. GOV. CODE §§ 815.2(a) & 820(a))

96.     The Sixth Claim is asserted by Plaintiff JEARHAMEL FANARO, on behalf of himself, against Defendants COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S OFFICE, DAVID O. LIVINGSTON, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4.

97.     Plaintiff JEARHAMEL FANARO re-alleges and incorporates the allegations of the preceding paragraphs 1 to 68, to the extent relevant, as if fully set forth in this claim.

98.     Defendants COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S OFFICE, DAVID O. LIVINGSTON, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4, acting under color of state law and as policy-making authorities, and while

maintaining a custodial relationship over Plaintiff JEARHAMEL FANARO, failed to adequately provide for his safety and well-being by maintaining polices, customs, or practices when it was obvious they were needed to prevent the severe attack, and were the moving force behind Defendants DAVID O. LIVINGSTON, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4's violations of Plaintiff JEARHAMEL FANARO's rights secured by the Fourteenth Amendment of the United States Constitution.

99.    Defendants DAVID O. LIVINGSTON, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiff JEARHAMEL FANARO's rights secured by the Fourteenth Amendment of the U.S. Constitution, or were wantonly or oppressively done.

100.    As a direct and proximate result of Defendants COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S OFFICE, DAVID O. LIVINGSTON, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4 action and inactions, Plaintiff JEARHAMEL FANARO suffered injuries entitling him to receive compensatory damages against Defendants COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S OFFICE, DAVID O. LIVINGSTON, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4, declaratory and injunctive relief against Defendants COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S OFFICE, DAVID O. LIVINGSTON, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4, and punitive damages against Defendants COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S OFFICE, DAVID O. LIVINGSTON, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4.

WHEREFORE, Plaintiff JEARHAMEL FANARO prays for relief as hereunder appears

## SEVENTH CLAIM

### Unruh Civil Rights Act

(CAL. CIV. CODE § 51)

101.    The Seventh Claim is asserted by Plaintiff JEARHAMEL FANARO, on behalf of himself, against Defendants COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S OFFICE, DAVID O. LIVINGSTON, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4.

102.    Plaintiff JEARHAMEL FANARO re-alleges and incorporates the allegations of the preceding paragraphs 1 to 68, to the extent relevant, as if fully set forth in this claim.

103.    All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

104.    Plaintiff JEARHAMEL FANARO is a racial minority, a Filipino-American, and thus a member of a protected class. The Norteño criminal street gang is a primarily a Latin-American organization.

105.    Plaintiff JEARHAMEL FANARO was not afforded equal protection under law as were the other Norteño criminal street gang affiliates/associates/members who were of a different race than him. Thus, he was discriminated against because of his race.

106.    As a direct and proximate result of Defendants COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S OFFICE, DAVID O. LIVINGSTON, OMAR DELEON, ANTONIO ROSAS's actions and inactions, Plaintiff JEARHAMEL FANARO suffered injuries entitling him to receive compensatory damages against Defendants COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S OFFICE, DAVID O. LIVINGSTON, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4, declaratory and

injunctive relief against Defendants COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S OFFICE, DAVID O. LIVINGSTON, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4, and punitive damages against Defendants COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S OFFICE, DAVID O. LIVINGSTON, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4.

WHEREFORE, Plaintiff JEARHAMEL FANARO prays for relief as hereunder appears.

## EIGHTH CLAIM

### State-Created Danger

### (Article I, § 7 to the California Constitution; CAL. GOV. CODE §§ 815.2(a) & 820(a))

107.     The Eighth Claim is asserted by Plaintiff JEARHAMEL FANARO, on behalf of himself, against Defendants COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S OFFICE, and DAVID O. LIVINGSTON.

108.     Plaintiff JEARHAMEL FANARO re-alleges and incorporates the allegations of the preceding paragraphs 1 to 67, to the extent relevant, as if fully set forth in this claim.

109.     Defendants COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S OFFICE, and DAVID O. LIVINGSTON, acting under the color of law And as policy-making authorities, affirmatively placed Plaintiff JEARHAMEL FANARO in a position of danger by maintaining policies, customs, or practices permitting deliberate indifference, or failure to maintain policies customs, or practices, when it was obvious that they were needed to prevent the brutal attack that Plaintiff JEARHAMEL FANARO endured at the hands of other inmates without any interference, and were the moving force behind Defendants OMAR DELEON, ANTONIO ROSAS's violations of Plaintiff JEARHAMEL FANARO's rights under Art. I, §7 of the California Constitution.

110.     Defendants COUNTY OF CONTRA COSTA and CONTRA COSTA COUNTY SHERIFF'S OFFICE are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment.

111.     Defendant DAVID O. LIVINGSTON's actions and inactions constituted oppression and/or malice resulting in great harm to Plaintiff JEARHAMEL FANARO.

112.     As a direct and proximate result of Defendants COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S OFFICE, and DAVID O. LIVINGSTON's actions and inactions, Plaintiff JEARHAMEL FANARO suffered injuries entitling him to receive compensatory damages against Defendants COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S OFFICE, DAVID O. LIVINGSTON, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4, declaratory and injunctive relief against Defendants COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S OFFICE, DAVID O. LIVINGSTON, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4, and punitive damages against Defendants COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S OFFICE, DAVID O. LIVINGSTON, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4.

WHEREFORE, Plaintiff JEARHAMEL FANARO prays for relief as hereunder appears.

## NINTH CLAIM

### Negligence

### (CAL. GOV. CODE § 820(a))

113.     The Ninth Claim is asserted by Plaintiff JEARHAMEL FANARO, on behalf of himself, against Defendants CONTRA COSTA COUNTY SHERIFF'S OFFICE, DAVID O. LIVINGSTON, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4.

114.   Plaintiff JEARHAMEL FANARO re-alleges and incorporates the allegations of the preceding paragraphs 1 to 68, to the extent relevant, as if fully set forth in this claim.

115.   Defendants CONTRA COSTA COUNTY SHERIFF'S OFFICE, DAVID O. LIVINGSTON, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4 acting or purporting to act in the performance of their official duties as law enforcement officers, owed Plaintiff JEARHAMEL FANARO a duty of care and breached that duty.

116.   Defendants CONTRA COSTA COUNTY SHERIFF'S OFFICE, DAVID O. LIVINGSTON, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4's actions and inactions constituted oppression and/or malice resulting in great harm to Plaintiff JEARHAMEL FANARO.

117.   As a direct and proximate result of Defendants CONTRA COSTA COUNTY SHERIFF'S OFFICE, DAVID O. LIVINGSTON, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4's actions and inactions, Plaintiff JEARHAMEL FANARO suffered injuries entitling him to receive compensatory and punitive damages against Defendants CONTRA COSTA COUNTY SHERIFF'S OFFICE, DAVID O. LIVINGSTON, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4.

WHEREFORE, Plaintiff JEARHAMEL FANARO prays for relief as hereunder appears.

## TENTH CLAIM

### Convicted Prisoner's Claim of Failure to Protect

### (Fourteenth Amendment to the U.S. Constitution; 42 U.S.C. § 1983)

118.   The Tenth Claim is asserted by Plaintiff JEARHAMEL FANARO against Defendants OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4.

119.   Plaintiff JEARHAMEL FANARO re-alleges and incorporates the allegations of the preceding paragraphs 1 to 68, to the extent relevant, as if fully set forth in this claim.

120.     Defendants OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4 made intentional decisions regarding the conditions under which Plaintiff JEARHAMEL FANARO was to be confined and thus put him at substantial risk of harm.

121.     Defendants OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4 did not take reasonable available measures to abate that risk which allowed Defendants FRANCISCO RAMIREZ, THOMAS LEON, and FRANCISCO VARGAS and DOES 5 and 6 to significantly harm Plaintiff JEARHAMEL FANARO.

122.     As a direct and proximate result of Defendants OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4's actions and inactions, Plaintiff JEARHAMEL FANARO suffered injuries entitling him to receive compensatory and punitive damages against Defendants OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4.

WHEREFORE, Plaintiff JEARHAMEL FANARO prays for relief as hereunder appears.

## ELEVENTH CLAIM

### Conspiracy

123.     The Eleventh Claim is asserted by Plaintiff JEARHAMEL FANARO against Defendants FRANCISCO RAMIREZ, THOMAS LEON, FRANCISCO VARGAS, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4.

124.     Plaintiff JEARHAMEL FANARO re-alleges and incorporates the allegations of the preceding paragraphs 1 to 68, to the extent relevant, as if fully set forth in this claim.

125.     Plaintiff JEARHAMEL FANARO was severely injured during an attack by Defendants FRANCISCO RAMIREZ, THOMAS LEON, FRANCISCO VARGAS, and DOES 5 and 6, and Defendants OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4 were aware that Defendants FRANCISCO RAMIREZ, THOMAS LEON, FRANCISCO VARGAS, and DOES 5 and 6 planned to attack Plaintiff JEARHAMEL FANARO.

126.    Defendants OMAR DELEON, ANTONIO ROSAS had a tacit and/or explicit agreement with Defendants FRANCISCO RAMIREZ, THOMAS LEON, FRANCISCO VARGAS, and DOES 5 to 6 to harm Plaintiff JEARHAMEL FANARO.

127.    The tacit and explicit agreement between Defendants OMAR DELEON and ANTONIO ROSAS and Defendants FRANCISCO RAMIREZ, THOMAS LEON, FRANCISCO VARGAS, and DOES 5 to 6 required Defendants OMAR DELEON and ANTONIO ROSAS to act as a lookout and make certain no one interrupted the attack on Plaintiff JEARHAMEL FANARO.

128.    As a direct and proximate result of Defendants CONTRA COSTA COUNTY SHERIFF'S OFFICE, DAVID O. LIVINGSTON, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4's actions and inactions, Plaintiff JEARHAMEL FANARO suffered injuries entitling him to receive compensatory and punitive damages against Defendants CONTRA COSTA COUNTY SHERIFF'S OFFICE, DAVID O. LIVINGSTON, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4.

WHEREFORE, Plaintiff JEARHAMEL FANARO prays for relief as hereunder appears.

## TWELFTH CLAIM

### Aiding and Abetting

129.    The Twelfth Claim is asserted by Plaintiff JEARHAMEL FANARO against Defendants OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4.

130.    Plaintiff JEARHAMEL FANARO re-alleges and incorporates the allegations of the preceding paragraphs 1 to 68, to the extent relevant, as if fully set forth in this claim.

131.    Plaintiff JEARHAMEL FANARO was harmed by Defendants FRANCISCO RAMIREZ, THOMAS LEON, FRANCISCO VARGAS, and DOES 5 and 6.

132.    Defendants OMAR DELEON and ANTONIO ROSAS knew the battery was happening and they acted as a look out to ensure the attack was not interrupted.

133.    Defendants OMAR DELEON and ANTONIO ROSAS  actions to ensure the battery was not interrupted substantially caused the harm done to Plaintiff JEARHAMEL FANARO.

134.    As a direct and proximate result of Defendants OMAR DELEON and ANTONIO ROSAS's action and inactions, Plaintiff JEARHAMEL FANARO suffered injuries entitling him to receive compensatory and punitive damages against Defendants OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4.

WHEREFORE, Plaintiff JEARHAMEL FANARO prays for relief as hereunder appears.

## THIRTEENTH CLAIM

### Battery

135.    The Thirteenth Claim is asserted by Plaintiff JEARHAMEL FANARO against Defendants FRANCISCO RAMIREZ, THOMAS LEON, FRANCISCO VARGAS, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 6.

136.    Plaintiff JEARHAMEL FANARO re-alleges and incorporates the allegations of the preceding paragraphs 1 to 68, to the extent relevant, as if fully set forth in this claim.

137.    Defendants FRANCISCO RAMIREZ, THOMAS LEON, FRANCISCO VARGAS, and DOES 5 and 6 intentionally touched Plaintiff JEARHAMEL FANARO and that touching constituted unreasonable force and he did not consent to that touching.

138.    Defendants FRANCISCO RAMIREZ, THOMAS LEON, FRANCISCO VARGAS, and DOES 5 and 6's touching substantially harmed Plaintiff JEARHAMEL FANARO.

139.     Defendants OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4 in their official duties conspired to allow Defendants FRANCISCO RAMIREZ, THOMAS LEON, FRANCISCO VARGAS, and DOES 5 and 6 to batter Plaintiff JEARHAMEL FANARO.

140.     As a direct and proximate result of Defendants FRANCISCO RAMIREZ, THOMAS LEON, FRANCISCO VARGAS, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4's actions and inactions, Plaintiff JEARHAMEL FANARO suffered injuries entitling him to receive compensatory and punitive damages against Defendants FRANCISCO RAMIREZ, THOMAS LEON, FRANCISCO VARGAS, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4.

WHEREFORE, Plaintiff JEARHAMEL FANARO prays for relief as hereunder appears.

## FOURTEENTH CLAIM

### Assault

141.     The Fourteenth Claim is asserted by Plaintiff JEARHAMEL FANARO against Defendants FRANCISCO RAMIREZ, THOMAS LEON, FRANCISCO VARGAS, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4.

142.     Plaintiff JEARHAMEL FANARO re-alleges and incorporates the allegations of the preceding paragraphs 1 to 68, to the extent relevant, as if fully set forth in this claim.

143.     Plaintiff JEARHAMEL FANARO reasonably believed Defendants FRANCISCO RAMIREZ, THOMAS LEON, FRANCISCO VARGAS, and DOES 5 to 6 intended to cause harm by touching him.

144.     Defendants FRANCISCO RAMIREZ, THOMAS LEON, FRANCISCO VARGAS, and DOES 5 to 6 reasonably appeared to intend to carry out the threat.

145.    Plaintiff JEARHAMEL FANARO did not consent and was harmed as a result of Defendants FRANCISCO RAMIREZ, THOMAS LEON, FRANCISCO VARGAS, and DOES 5 and 6's conduct.

146.    Defendants OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4 in their official duties knowingly allowed Defendants FRANCISCO RAMIREZ, THOMAS LEON, FRANCISCO VARGAS, and DOES 5 and 6 to assault Plaintiff JEARHAMEL FANARO.

147.    As a direct and proximate result of Defendants FRANCISCO RAMIREZ, THOMAS LEON, FRANCISCO VARGAS, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4's actions and inactions, Plaintiff JEARHAMEL FANARO suffered injuries entitling him to receive compensatory and punitive damages against Defendants FRANCISCO RAMIREZ, THOMAS LEON, FRANCISCO VARGAS, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4.

WHEREFORE, Plaintiff JEARHAMEL FANARO prays for relief as hereunder appears

## FIFTEENTH CLAIM

### Intentional Infliction of Emotional Distress

148.    The Fifteenth Claim is asserted by Plaintiff JEARHAMEL FANARO against Defendants FRANCISCO RAMIREZ, THOMAS LEON, and FRANCISCO VARGAS, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 6.

149.    Plaintiff JEARHAMEL FANARO re-alleges and incorporates the allegations of the preceding paragraphs 1 to 68, to the extent relevant, as if fully set forth in this claim.

150.    Defendants FRANCISCO RAMIREZ, THOMAS LEON, and FRANCISCO VARGAS and DOES 5 to 6's attack on Plaintiff JEARHAMEL FANARO was outrageous and intended to cause Plaintiff JEARHAMEL FANARO emotional distress.

151.    Defendants OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4's collusion with Defendants FRANCISCO RAMIREZ, THOMAS LEON, FRANCISCO VARGAS, and DOES 5 to 6 was outrageous and intended to cause Plaintiff JEARHAMEL FANARO emotional distress.

152.    Defendants FRANCISCO RAMIREZ, THOMAS LEON, FRANCISCO VARGAS, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 6 conduct was the substantial cause in Plaintiff JEARHAMEL FANARO'S severe emotional distress.

153.    As a direct and proximate result of Defendants FRANCISCO RAMIREZ, THOMAS LEON, FRANCISCO VARGAS, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 6's actions and inactions, Plaintiff JEARHAMEL FANARO suffered injuries entitling him to receive compensatory and punitive damages against Defendants FRANCISCO RAMIREZ, THOMAS LEON, and FRANCISCO VARGAS, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4.

WHEREFORE, Plaintiff JEARHAMEL FANARO prays for relief as hereunder appears.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff JEARHAMEL FANARO, on behalf of himself seeks Judgment as follows:

1.    For an award of compensatory, general, and special damages against Defendants COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTYSHERIFF'S OFFICE, DAVID O. LIVINGSTON, FRANCISCO RAMIREZ, THOMAS LEON, FRANCISCO VARGAS, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 50, according to proof at trial;

2.    For an award of exemplary/punitive damages against Defendants DAVID O. LIVINGSTON, OMAR DELEON, ANTONIO ROSAS, DOES 3 to 4, and DOES 7 to 50 in an

amount sufficient to deter and to make an example of them, because of their actions and/or inactions, as alleged were motivated by evil motive or intent, involved reckless or callous indifference to federally protected rights, were wantonly or oppressively done, or constituted oppression and/or malice resulting in great harm.

3.      For an award of punitive damages against Defendants FRANCISCO RAMIREZ, THOMAS LEON, FRANCISCO VARGAS, and DOES 5-6 in an amount sufficient to deter and to make an example of them, because of their actions as alleged constituted oppression and/or malicious conduct.

4.      For an award of statutory penalties, pursuant to Cal. Civ. Code § 52.1 and any other statute as may be applicable.

5.      For an award of declaratory or injunctive relief, enjoining and restraining Defendants COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY SHERIFF'S OFFICE, DAVID O. LIVINGSTON, OMAR DELEON, ANTONIO ROSAS and DOES 3 to 4 from continuing or repeating the policies, customs, or practices complained to herein;

6.      For an award of reasonable attorney's fees and costs, pursuant to 42 U.S.C. § 1988, Cal. Civ. Code § 52.1, Cal. Code Civ. Proc. § 1021.5, and any other statute as may be applicable; and

7.      For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated October 8, 2019                                      Respectfully Submitted,


                                                          Qiana Washington
                                                          Attorney for Plaintiff
                                                          JEARHAMEL FANARO

## JURY TRIAL DEMAND

A JURY TRIAL IS DEMANDED by Plaintiff JEARHAMEL FANARO, on behalf of himself.


Dated October 8, 2019                          Respectfully Submitted,


_____

Qiana Washington
Attorney for Plaintiff
JEARHAMEL FANARO