1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7     JEARHAMEL JORDAN FANARO,                Case No. 3:19-cv-03247-WHO

8                     Plaintiff,

9               v.                            **ORDER DENYING DEFENDANT
                                              LEON'S MOTION FOR SUMMARY
10    COUNTY OF CONTRA COSTA, et al.,         JUDGMENT**

11                    Defendants.             Re: Dkt. No. 42

12

13          Plaintiff Jearhamel Fanaro brings claims against several defendants and the County of

14    Contra Costa over an alleged assault that occurred while he was housed in the County's Martinez

15    Detention Facility.  As relevant for this motion, Fanaro asserts that defendant inmate Thomas

16    Leon was one of his attackers.

17          On November 12, 2019, Leon filed a motion to dismiss and a motion for summary

18    judgment.  Motion in Answer to Plaintiff's Motion to Strike,[1] Motion to Dismiss ("Mot.") [Dkt.

19    No. 42].  First he argues that I should dismiss Fanaro's second amended complaint because he

20    failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42

21    U.S.C. § 1997.  Mot. 2.  But the exhaustion requirement only applies to individuals who are

22    prisoners at the time of filing suit.  *Talamantes v. Leyva*, 575 F.3d 1021, 1024 (9th Cir. 2009).

23    Fanaro's originally complaint pleaded that he was out of custody, and Leon raises no facts

24    suggesting that is not the case.  *See* Complaint [Dkt. No. 1] ¶ 6.

25          Leon next argues that he is entitled to summary judgment because he was not personally

26    involved in any actions that deprived Fanaro of his federally protected rights.  Mot. 4-5.  "Liability

27

28    ─────────────────
      [1] Leon's caption refers to Fanaro's motion to strike his Answer.  *See* Dkt. Nos. 9, 23.  Leon did not
      oppose that motion, and I denied it on October 15, 2019.  *See* Dkt. No. 36.

1  under section 1983 arises only upon a showing of personal participation by the defendant." *Taylor*

2  *v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). According to Leon, Fanaro lacks admissible

3  evidence proving that he was involved in the alleged conspiracy or assault. Mot. 5-6.

4        In opposition, Fanaro asserts that discovery has only recently begun and that he needs

5  more time to develop evidence and raise triable issues of fact. Oppo. 10-12. Under Federal Rule

6  of Civil Procedure 56(d), a court may defer ruling on a motion for summary judgment "if a

7  nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts

8  essential to justify its opposition." Fed. R. Civ. P. 56(d). According to a declaration from

9  Fanaro's counsel, Leon has not responded to Fanaro's meet-and-confer request or made his initial

10  disclosures as required by Federal Rule of Civil Procedure 26(a). Declaration of Qiana

11  Washington [Dkt. No. 43-1[2]] ¶ 6. In addition, Fanaro requires discovery from Contra Costa

12  County, which he expects to receive on December 9, 2019. *Id.* ¶¶ 7-8.

13        Discovery is ongoing; it would be premature to grant Leon's motion at this time.

14  Accordingly, it is DENIED WITHOUT PREJUDICE. Leon may file a new motion for summary

15  judgment[3] after discovery has progressed but no later than 30 days after the close of discovery.

16  *See* Fed. R. Civ. P. 56(b).

17        **IT IS SO ORDERED.**

18  Dated: December 6, 2019

19

20

21                               William H. Orrick
                             United States District Judge

22

23

24

25

---

26  [2] The filing at Dkt. No. 43-1 includes numerous exhibits, most of which are already part of the docket in this case. The relevant declaration begins at ECF page 66.

27  [3] Although my Standing Order for Civil Cases allows only one motion for summary judgment per party, I grant Leon leave to file a second motion because he proceeds without counsel. *See* Standing Order for Civil Cases § 6.

28