UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEARHAMEL JORDAN FANARO, <br> Plaintiff, <br> v. <br> COUNTY OF CONTRA COSTA, et al., <br> Defendants. | Case No. 3:19-cv-03247-WHO <br><br> **ORDER GRANTING DEPUTY DEFENDANTS' MOTION TO DISMISS** <br><br> Re: Dkt. Nos. 52, 53 |

Plaintiff Jearhamel Fanaro brings claims arising out of a brutal attack that occurred in Contra Costa County's Martinez Detention Facility. In addition to bringing suit against the County and his inmate attackers, Fanaro seeks to hold Sheriff's Deputies Omar De Leon and Antonio Rosas accountable for allegedly facilitating his attack, or least overlooking evidence that it was taking place. Before me is their motion to dismiss some but not all of the claims and theories pleaded against them.[1] For the reasons set forth below, the motion is GRANTED.

**BACKGROUND**

I detailed Fanaro's allegations in my October 15, 2019 Order granting in part and denying in part the Contra Costa County Defendants' motion to dismiss; I incorporate that discussion by reference here. *See* Granting in Part and Denying in Part the County Defendants' Motion to Dismiss ("County MTD Order") [Dkt. No. 36]. Fanaro filed a Second Amended Complaint in response to that Order on October 30, 2019. *See* Second Amended Complaint ("SAC") [Dkt. No. 39]. De Leon filed a motion to dismiss on December 11, 2019, and Rosas joined his motion the following day. *See* Motion to Dismiss ("MTD") [Dkt. No. 52]; Joinder in Defendant De Leon's

---

[1] There is no need for oral argument on this motion and the hearing set for Jan. 15, 2020 is VACATED. *See* Civil L.R. 7-1(b).

1  Motion [Dkt. No. 53].

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## DISCUSSION

### I. *MONELL* LIABILITY

De Leon and Rosas move to dismiss claims one, two, and four insofar as they seek to proceed under a theory of *Monell* liability. MTD 4-6. Fanaro does not oppose the motion to dismiss claims two and four. *See* Opposition ("Oppo.") [Dkt. No. 55] 12. As for claim one, Fanaro seems to misunderstand the nature of the defendants' motion. They do not contend that Section 1983 liability is foreclosed, but rather that *Monell* is the wrong vehicle when it comes to individual defendants. *See* Reply [Dkt. No. 58] 2-3. There is no dispute that De Leon and Rosas

2

are not public entities; claim one cannot proceed against them insofar as it rests on a theory of *Monell* liability. The motion is GRANTED. Claims two and four are DISMISSED WITH PREJUDICE and claim one is DISMISSED insofar as it rests on *Monell*.

I also note that Fanaro again wrongly criticizes the defendants for citing district court cases that have not been published in the official reporter. Oppo. 9-10. I addressed this error in my October 15, 2019 Order on the County Defendants' Motion to Dismiss. County MTD Order 7 n.4. The rule Fanaro cites applies to cases that are listed "not for citation." *See* Civ. L.R. 3-4(e). As long as they do not bear this warning, district court cases published through Westlaw and Lexis are certainly citable. Fanaro should not repeat this argument in future filings.

## II. STATE DUE PROCESS CLAUSE

Article I section 7 of the California Constitution provides, "A person may not be deprived of life, liberty, or property without due process of law or denied equal protection of the laws." Cal. Const. art. I, § 7. De Leon and Rosas move to dismiss Fanaro's claim for money damages for the due process violation alleged in claim six. As set forth below, the positions Fanaro articulates in response are flawed in several respects.

The California Supreme Court has adopted a test to determine whether to recognize a tort action for damages under a given constitutional provision where the language and history of the provision itself does not clearly indicate the presence or absence of such a right.[2] *See Katzberg v. Regents of Univ. of California*, 29 Cal. 4th 300, 324-25 (2002). The factors are: (i) "whether an adequate remedy exists," (ii) "the extent to which a constitutional tort action would change established tort law," (iii) "the nature and significance of the constitutional provision," and (iv) "the existence of any special factors counseling hesitation in recognizing a damages action."[3] *Id.* at 317. In *Katzberg*, the court determined that money damages are not available for a violation of

---

[2] The test comes from *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 396 (1971).

[3] The fourth factor is only considered if the other three factors weigh in favor of recognizing a damages remedy. *See Katzberg*, 29 Cal. 4th at 317.

3

the due process *liberty* interest under article I, section 7(a). [4] *Id.* at 329. In his Opposition, Fanaro concedes that "the first three factors weigh similarly as they do in *Katzberg*." Oppo. 13. Still, he asserts that damages should be available because he seeks to protect an interest that is more fundamental than the reputation liberty interest at issue in *Katzberg*.[5] *Id.*

This argument does not square with the reasoning in *Katzberg,* where the California Supreme Court noted that the due process liberty interest is "both important and fundamental," which supported finding a right to pursue damages. *Katzberg*, 29 Cal. 4th at 328. Nonetheless, the Court determined that the importance-of-the-right factor was "not one upon which [it] place[d] great significance" because of the difficulty of ranking different constitutional rights. *Id.* Similar to *Katzberg,* given Fanaro's concession that the other factors weigh against the availability of money damages, the importance-of-the-right factor is not enough to tip the scales in his favor.

In addition, Fanaro's Opposition fails to articulate the due process right that defendants allegedly violated. Fanaro asserts that he seeks to enforce his Eighth Amendment right to be free from cruel and unusual punishment, but the sixth cause of action clearly invokes the due process section of the California Constitution, article I, section 7. And even if Fanaro properly sought to pursue a claim under article I, section 17, California's prohibition on cruel or unusual punishment, money damages would not be available. *See Giraldo v. Dep't of Corr. & Rehab.*, 168 Cal. App. 4th 231, 256 (2008).

Money damages are not available for any of the claims Fanaro has tried to articulate in his sixth cause of action. Accordingly, his claim for money damages in the sixth cause of action is DISMISSED WITH PREJUDICE.

### III. UNRUH CIVIL RIGHTS ACT

The Unruh Act prohibits discrimination on the basis of a long list of protected characteristics, including race. Cal. Civ. Code § 51(b). De Leon and Rosas move to dismiss

---

[4] Chief Judge Phyllis J. Hamilton of this district declined to extend *Katzberg* to bar recovery of backpay for a violation of a due process *property* interest. *Walls v. Cent. Contra Costa Transit Auth.*, No. 08-cv-0224-PJH, 2012 WL 581362, at *3-*4 (N.D. Cal. Feb. 22, 2012).

[5] Fanaro's additional arguments, which relate to California Government code sections 815.2(a) and 820(a), are difficult to understand and are unpersuasive. *See* Oppo. 13-14.

4

Fanaro's seventh claim on the grounds that he failed to include any race-based allegations in his tort claim[6] and that the Second Amended Complaint alleges no facts to suggest that their actions or inactions were motivated by race. MTD 7-13.

Fanaro counters that the race allegations in his complaint merely detail the motivation behind actions that were well documented in his tort claim. Oppo. 14-16. In addition, he asserts that the deputies' knowledge that he was Filipino-American—whereas the Norteños were primarily Latino—give rise to a plausible inference that they discriminated against him based on race when they supported the Norteños' attack on him. *Id.* at 16-17.

Fanaro's allegations do not give rise to a plausible inference of racial discrimination.[7] In my prior Order I gave Fanaro the opportunity to amend his "threadbare" pleadings related to race, yet the Second Amended Complaint provides no further detail. *See* Order 10; SAC ¶¶ 23 (alleging that the classification interview involves questions about race), 42 (alleging that Fanaro, a Filipino-American, was housed in a "primarily Latin-American module"), 104 (alleging that he was not afforded equal protection because of his race). His allegations are entirely conclusory. The mere fact that the deputies may have been aware of Fanaro's race does not make a racial discrimination claim plausible, nor does the fact that most Norteños are a different race. Fanaro has already had the opportunity to amend; the Unruh Civil Rights Act claim is DISMISSED WITH PREJUDICE.

### IV. NEGLIGENT FAILURE TO MAINTAIN POLICIES, CUSTOMS, OR PRACTICES

Fanaro alleges that De Leon and Rosas were negligent when they maintained or failed to maintain policies, customs, or practices to prevent his attack. SAC ¶ 108. The defendants argue that the Second Amended Complaint is insufficient because it fails to allege that they had the authority to determine the policies, customs, or practices of the Contra Costa County Sheriff's Office. MTD 9-10. Fanaro responds, without citing to any authority, that the defendants can be

---

[6] I took judicial notice of the tort claim in my prior Order. County MTD Order 12 n.9.

[7] Because I rule on this basis, I do not address the defendants' arguments about the tort claim.

liable even if they were not supervisors.[8]  Oppo. 17.  But his theory of liability rests on policies, customs, and practices; to be responsible for those, De Leon and Rosas must have had some authority over them.  Fanaro fails to plead any such control; he expressly pleading that they were deputies.  Accordingly, the eighth claim is DISMISSED WITH PREJUDICE.

## CONCLUSION

For the reasons set forth above, the motion to dismiss by De Leon and Rosas is GRANTED.

**IT IS SO ORDERED.**

Dated: January 8, 2020

William H. Orrick
United States District Judge

---

[8] He seems to define "maintain" to mean "follow," which would expand liability to the lowest-level employees for practices they had no part in creating.

6